DECISION OF DISMISSAL
This matter is before the court on Defendant's Motion to Dismiss filed May 1, 2008. The court discussed the motion with the parties during the case management conference held June 17, 2008. Brenda Lewis appeared on behalf of the Plaintiffs. Jeff Sanders and Leslie Cech appeared for Defendant.
 I. STATEMENT OF FACTS
Plaintiffs appeal the 2007-08 assessed value of the property identified in Defendant's records as Account R145684. For tax year 2007-08, Defendant assigned the property a real market value (RMV) of $521,680 and a maximum assessed value (MAV) of $211,820. Upon appeal to the Multnomah County Board of Property Tax Appeals (BOPTA), the RMV was reduced to $383,370 and the MAV was reduced to $200,230. Plaintiffs contend the "[a]ssessed value did not decrease to correspond with decrease in RMV." (Ptfs' Compl.) They seek a further reduction to $162,240 MAV. Plaintiffs do not contest the RMV of the property. Defendant claims the appeal should be dismissed because Plaintiff is challenging the MAV and the court cannot adjust the MAV. *Page 2 
 II. ANALYSIS
In May 1997, Oregon voters passed by referendum Measure 50 (M50), which substantially modified the property tax system in the State of Oregon. Prior to M50, a property was taxed at its RMV. Due to increasing values, Oregon voters chose to limit the growth of assessed values. In doing so, M50 created the concept of MAV. For the 1997-98 tax year, which was the implementation year for M50, the MAV was calculated by taking the property's 1995-96 RMV and subtracting 10 percent. Or Const, Art XI, § 11(1)(a). M50 provides that, for each successive year, the MAV will generally increase no more than three percent a year. Or Const, Art XI, § 11(1)(b); see also ORS 308.146(1).[1] The measure also requires counties to maintain a record of the property's RMV because a property is to be taxed at the lesser of its MAV or its RMV. Or Const, Art XI, § 11(1)(f); see also ORS 308.146(2).
Exceptions to the general three percent increase in a property's MAV exist. ORS 308.146(3) provides that, when major improvements are made to property, the MAV may increase by more than the allowable three percent. In that instance, the MAV is calculated by adding the MAV of the property prior to the improvements to the RMV of the new improvements "multiplied by the ratio * * * of the average maximum assessed value over the average real market value for the assessment year." ORS308.153(1)(b).
As of January 1, 2006, the subject property was 74 percent complete. The remainder of construction was completed prior to the 2007-08 assessment date. Defendant captured that "exception value" for the 2007-08 tax year. The court finds that Defendant calculated the 2007-08 MAV properly and there is no basis for changing it. *Page 3 
This court has many times repeated its holding on the subject of uniformity in Ellis v. Lorati:
 "The court recognizes that in one sense MAV is somewhat artificial or arbitrary. That is inherent in the overall scheme of [Measure 50]. The concept may, over time, result in various degrees of nonuniformity in the property tax system. Section 11(18) [of the Oregon Constitution] contemplates this and excuses itself from complying with other constitutional provisions requiring uniformity * * * ."
14 OTR 525, 535 (1999).
The court finds, therefore, that it is without authority to adjust the MAV based on Plaintiffs' allegations of a pro rata relationship between RMV and MAV. ORS 308.146.
 III. CONCLUSION
The court concludes that Defendant calculated the 2007-08 MAV properly and, as a result, the court is without authority to modify the MAV of the property. Consequently, the court finds Defendant's Motion to Dismiss must be granted. Now, therefore,
IT IS THE DECISION OF THE COURT that this matter be dismissed.
Dated this ____ day of August 2008.
[1] All references to the Oregon Revised Statutes (ORS) are to 2005. *Page 1